UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BJD Properties, LLC                            Civil Action No. 6:16-01757

versus                                           Judge Rebecca F. Doherty

Stewart Title Guaranty Co.            Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Motion To Dismiss Pursuant To Rule 12(b)(6) filed by Defendant, Stewart Title Guaranty Co. ("STG"), [Rec. Doc. 7], Plaintiff, BJD Properties, LLC's Opposition thereto [Rec. Doc. 15] and STG's Reply thereto [Rec. Doc. 19]. For the reasons that follow, the Court will recommend that the Motion be denied.

## I. BACKGROUND

BJD filed suit against STG in the 27th Judicial District Court, Parish of St. Landry, Louisiana, alleging that STG, as the title insurer of a certain parcel of land purchased by BJD, failed to make adequate tender under Louisiana law to compensate BJD for BJD's alleged lack of access to the property. On December 27, 2016, STG removed the case to this Court on the basis of this Court's diversity jurisdiction.

BJD's petition specifically alleges that on December 14, 2006, it purchased certain property ("the property") described as follows:

> A certain tract or parcel of land, together with all buildings and improvements thereon, and all rights, ways, privileges, servitudes, appurtenances, and advantages thereunto belonging, containing 27.864 acres, more or less, located in Section 110, T-7-S, R-4-E, and Section 40, T-7-S, R-5-E, St. Landry Parish, Louisiana, as shown on a Plat of Survey by Robert L. Wolfe, Jr., RLS, dated October 6, 2016, a copy of which is attached to that certain Cash Sale on file and of record per Act 974664, COB S-42 at page 897, St. Landry Parish, Louisiana, with

> further boundaries, shape, form, location and configuration as shown on said Plat.

Complaint. *R. 1-1, ¶ 2.*

Plaintiff further alleges that, at the same time, BJD purchased a policy of title insurance issued by STC, providing insurance in connection with the property against any loss or damage "sustained or incurred by the insured by reason of: (1) Title to the estate or interest described in Schedule A being bested other than stated therein; (2) Any defect in or lien or encumbrance on the title; (3) Unmarketability of the title; (4) Lack of a right of access to and from the land." *R. 1-1, ¶ 3.* According to BJD, after purchasing the property, it discovered that there was no "right of access" to and from the property. *R. 1-1, ¶ 6.*

Subsequent to the purchase of the property, but before discovering that there was no "right of access" to and from the property, BJD sold a large tract of land within the property for $135,000.00. *R. 1-1, at ¶ 7.* BJD claims that, upon learning that there was no public access to and from the property, the buyer of the tract made demand upon BJD for return of the purchase price. *Id.* According to BJD, it returned the full purchase price of $135,000.00 to the buyer. *Id.* Due to the lack of marketability and lack of access to the property, on October 5, 2016, BJD made demand upon STG for a tender under its policy for damages in connection with the lack of public access to the property. *R. 1-1, ¶ 9.* BJD asserts that STG failed to make adequate tender in accordance with Louisiana law. *Id.*

STG has moved to dismiss BJD's petition for failure to state a claim under FRCP 12(b)(6).

## II. CONTENTIONS OF THE PARTIES

STG contends that BJD fails to state a cause of action against it because BJD does not in fact lack access to the property – it merely lacks its *preferred* access. (Rec. Doc. 7-1, p. 2). STG contends that Louisiana law provides BJD a clear right of access across neighboring property. *Id.* STG argues that the Cash Sale, referenced in the petition, indicates that BJD purchased the property from John L. Olivier and Julie Ann Brinkhaus Olivier, Joseph F. Olivier and Billie Gay Olivier, and George R. Ramier and Eleanor Olivier Ramier (collectively referred to as "the vendor") on or about December 14, 2006. (Rec. Doc. 7-1, p. 3). According to STG, because the Louisiana Civil Code requires the vendor of an enclosed estate to provide gratuitously to the purchaser access to a public road or utility, even if it is not the shortest route to that public road or utility, BJD has a right of access across the vendor's property, and thus does not lack access to the property. (Rec. Doc. 7-1, p. 4).

BJD asserts that the Louisiana Civil Code article upon which STG relies to argue that BJD has a gratuitous right of passage across the vendor's property requires that such passage must have been previously exercised on the servient property. (Rec. Doc. 15, p. 8). According to BJD, the codal article is inapplicable because there is no evidence as to whether passage was exercised on any of the vendor's adjacent land prior to the partition which resulted in the property being enclosed. BJD contends the fact that it would have to pursue litigation in order to establish access to a public road demonstrates, in and of itself, that it has a loss for which it has stated a valid claim under the STG title policy. (Id. at p. 12).

### III. LAW AND ANALYSIS

*A. Legal Standards*

   *1. Motion To Dismiss*

Rule 12(b)(6) allows a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

When deciding a 12(b)(6) motion to dismiss, the court "must consider the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[W]e note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that

a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

    2. *Louisiana Law Regarding Right of Passage*

Louisiana Law provides that the owner of an enclosed estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. La. C.C. art 689. Pursuant to this codal article, the owner of the enclosed estate is bound to compensate his neighbor for the right of passage acquired and to indemnify his neighbor for the damage he may occasion. *Id.* Additionally, the owner of the enclosed estate may not demand the right of passage anywhere he chooses. La. C.C. art 692. The passage generally shall be taken along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands. *Id.*

Louisiana Civil Code article 694, however, provides that if property becomes enclosed due to a partition, then passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the partition does not mention a servitude or passage. This provision is mandatory and the only requirement is that the passage was previously used or exercised prior to the partition. *Bayou Fleet Partnership v. Clulee,* 150 So.3d 329 (La. App. 5 Cir. 2014)*, citing Fuller v. Wright,* 464 So.2d 350, 352 (La. App. 2 Cir. 1985).

In *Bayou Fleet*, the owner of riverfront property that became enclosed following partition filed a petition for right of passage seeking use of a road that

crossed upriver adjacent property. Bayou Fleet claimed that it was entitled to a gratuitous right of way traversing the adjacent property. Based on the record of testimony, the appeal court affirmed the district court's holding that Bayou Fleet was not entitled to obtain a gratuitous right of way pursuant to L.L.C. art. 694 because it failed to establish that the passage requested was *previously used or exercised prior to the partition. Bayou Fleet,* 150 So.3d. at 338.

The Court found that Bayou Fleet's remedy was therefore provided by La. C.C. art. 692, which would entitle Bayou Fleet to passage along the shortest route from the enclosed estate to the public road at the location least injurious to the intervening lands. *Id. at* 338-339. Additionally, the Court found that, because Bayou Fleet was not entitled to gratuitous passage, La. C.C. art. 691 authorized Bayou Fleet to construct on the right of way the type of road necessary for the exercise of the servitude.

B. *Analysis*

BJD alleges in its petition that, at the time it purchased the property at issue, it purchased title insurance from STC, which covered it for damages sustained by the insured due to, among other things, unmarketability of the title and/or lack of a right of access to and from the land. *R. 1-1, ¶ 3*. BJD further alleges that, after purchasing the property, it discovered that there was no "right of access" to and from the property and that, due to the lack of access to the property, it had to return the purchase price for a major lot within the property. *R. 1-1, ¶ 6*.

The Survey attached to the Cash Sale which BJD references in its petition and which STC attached to its Motion to Dismiss, shows that there is no public road abutting the property. The property is bounded by "John Olivier Partition" to the north and east, "Mrs. Ashton Guilbeau or assigns" and "Elton Landry or assigns" to the south, and "Coteau Lakes Estates" to the west. According to the survey, the property in question is clearly enclosed.

Defendant contends, however, that because the Louisiana codal law provides a means by which BJD may claim a right of passage across the vendor's property, BJD's claim for "lack of access" against STG is not plausible, *R. 19, P. 5*. This Court agrees that BJD may have a right of access across neighboring property as per Louisiana Civil Code articles 689 or 693. That right of way is gratuitous, pursuant to La. C.C. art. 693, if BJD is able to establish that the passage requested was previously used or exercised prior to the partition. Otherwise, BJD may claim a right of passage over neighboring property, pursuant to La. C.C. art.689, provided it pays indemnity for the damages it causes.

Either way, however, BJD will have to pursue litigation in order to establish access to a public road. Thus, the ability to <u>claim</u> a "right of access" established by the Louisiana Civil Code does not equate to an actual access to the public road. In order to establish actual access, BJD will have to litigate regarding whether such access was previously used, and if not, compensate and indemnify the neighboring property owner for access.

In addition, BJD claims that it had sold a portion of the property in question and, upon learning that there was no public access to and from the property, the buyer requested and BJD returned the full purchase price of $135,000.00 to the buyer. *R. 1-1, 7¶* BJD claims it purchased property insurance from STC for ... [u]nmarketability of the title; [and] [l]ack of a right of access to and from the land." *R. 1-1, ¶ 3.* The property in question is enclosed with no access to a public road and BJD claims it lost its sale of a portion of the property due to its unmarketability. Thus, at this time, the Court finds BJD's claim of "lack of access" to a public road or unmarketibility of the title against STC is plausible.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' Motion To Dismiss Pursuant To Rule 12(b)(6) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

8.

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed this 22nd day of May, 2017 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE